**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| Michael Zucchero, | Case No. 1:26-cv-00205 |
| *Plaintiff,* | |
| v. | **Plaintiff's Motion for Expedited Discovery** |
| Bizango, *et al.*, | |
| *Defendants.* | |

Plaintiff Michael Zucchero hereby requests that the Court enter an order authorizing expedited discovery. In support, Mr. Zucchero respectfully shows the Court as follows.

### I.   Preliminary Statement

Mr. Zucchero filed this action to recover assets lost to a cryptocurrency-related fraud and conversion scheme operated by a sophisticated criminal syndicate. The Defendants stole assets worth approximately $347,186—a devastating loss. Sadly, Mr. Zucchero is not alone. This is but one case among thousands arising from the ongoing crypto-fraud epidemic, to which hardworking Americans are losing billions every year.

As is typical in crypto-fraud cases, Mr. Zucchero does not know the Defendants' true identities or their precise whereabouts. But, with the

- 1 -

assistance of a professional blockchain investigator, stolen assets have been traced to accounts controlled by the Defendants at OKX, Binance, HTX, and Bitget. This tracing is fundamental to the relief sought in this Motion. It is the foothold in the arduous climb toward recovery.

Mr. Zucchero is the plaintiff in this action, bringing claims against Selina Romano and individuals operating under the name "Bizango" in connection with a sophisticated cryptocurrency investment fraud, commonly known as a task-based employment scheme. Romano first contacted Mr. Zucchero in November 2025, offering what appeared to be a legitimate remote, part-time employment opportunity performing "product optimization" tasks through a platform that purported to be affiliated with Bizango.

Over a period of several months, Romano and the Bizango fraud network persuaded Mr. Zucchero to deposit increasing amounts of cryptocurrency into platform-controlled wallets, promising large returns and greater earnings for higher deposit "VIP" tiers. At their urging, Mr. Zucchero deposited over $370,000 in cryptocurrency and related fees. When he attempted to withdraw his account earnings, Bizango representatives imposed additional and ever-shifting obstacles, including unauthorized smart contract withdrawals from his personal wallet, ultimately misappropriating the entirety of his funds.

Mr. Zucchero now seeks the Court's immediate intervention to prevent further dissipation of traceable assets and identify all parties involved in the fraudulent scheme. By this motion, Mr. Zucchero respectfully requests expedited discovery to uncover the identities and locations of the participants.

## II.   Background

The facts giving rise to this action are set forth in detail in Plaintiff's Complaint, which is filed concurrently with this Motion and is incorporated herein by reference.

## III.   Supporting Materials

Mr. Zucchero submits the following materials in support of this Motion.

**Exhibit 1: Cole Declaration.** Evan Cole is Plaintiff's investigator in this case. Mr. Cole's declaration attests to information about the cryptocurrency-scam epidemic, cryptocurrency technology, and blockchain-tracing methodology. It also provides the blockchain-tracing report showing the locations to which the assets misappropriated from the victim were ultimately transferred.

## IV.   Expedited Discovery

### A.   Legal Standard

Typically, parties may not seek "discovery from any source before the conference required by Rule 26(f)."[1] But expedited discovery before a Rule

---

[1] FED R. CIV. P. 26(d)(1).

26(f) conference is permitted where "authorized … by court order."[2] Courts apply a "good cause" standard to determine whether such an order should issue.[3] Good cause may be found where "the need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party."[4]

Many courts have authorized expedited discovery from cryptocurrency exchanges and internet-service providers in cryptocurrency-related fraud cases like this one.[5] Indeed, courts have affirmatively held that any privacy interests that alleged cybercriminals have concerning the discovery of information about their identities and activities is outweighed by the need to adjudicate victims' claims against them.[6]

---

[2] *Id.*

[3] *Strivelli v. Doe,* No. CV222060MASRLS, 2022 WL 1082638, at *2 (D.N.J. Apr. 11, 2022).

[4] *Id.*

[5] *See, e.g., Cohn v. Popescu*, No. 1:24-CV-00337, 2024 WL 4525511 (E.D. Tex. Aug. 16, 2024) (authorizing expedited discovery in similar cryptocurrency scam case); *Strivelli*, 2022 WL 1082638, at *2 (authorizing expedited discovery and noting "the Court's review of cryptocurrency theft cases reveals that courts often grant motions for expedited discovery to ascertain the identity of John Doe defendants"); *Licht v. Ling*, No. 3:23-CV-1018-X, 2023 WL 4504585, at *4 (N.D. Tex. June 20, 2023) (issuing broad authorization for expedited discovery in functionally identical crypto-fraud case and requiring that "any party served with a request for production shall produce all requested items within 72 hours of the request").

[6] *Gaponyuk v. Alferov*, No. 2:23-CV-01317-KJM-JDP, 2023 WL 4670043 (E.D. Cal. July 20, 2023) (finding alleged cybercriminals' privacy interests were "outweighed by the need to adjudicate the [victim's] claims," and holding that "privacy concerns shall not be a just cause for [a] subpoenaed non-party to withhold [] requested documents and information").

### B.    Proposed Discovery

Mr. Zucchero's proposed discovery arises from the pre-suit investigation detailed in the Cole Declaration. This investigation revealed a series of third parties likely to be in possession of information about the Defendants. Each of those third parties and their connection to this case is set out below.

| Subpoena Target | Connection to Case |
| --- | --- |
| WhatsApp, LLC | Romano and various Bizango affiliates and Bizango support staff communicated with Mr. Zucchero via WhatsApp. |
| Cloudflare, Inc. | Bizango's web domains are hosted on IP addresses associated with Cloudflare. |
| Tencent Holdings Ltd | Tencent is the domain registrar for Bizango's web domains. |
| GMO-Z.com NetDesign Host Co. Ltd. | Bizango's customer support email address uses NetDesign Host's MX services. |

### C.    Information Sought

Mr. Zucchero seeks the Court's authorization to issue subpoenas to each of the above-listed entities seeking the following information:

- Biographical and contact information associated with the Defendants' accounts;

- IP-address and device logs showing the devices and locations from which the Defendants accessed their accounts;

- Payments information, including transaction histories and information about credit or debit cards used to pay for the subpoena targets' services; and

- Account balances and activity.

Courts have authorized similar discovery where the plaintiff adduced evidence that the persons about whom the information was sought were cybercriminals and the plaintiff also sought a temporary restraining order freezing the assets held in those accounts.[7]

### D.   Follow-On Subpoena Authorization

In cryptocurrency scam cases like this one, the discovery process resembles peeling the layers of an onion. Internet service providers' subpoena responses frequently reveal information warranting additional subpoenas to other internet service providers. For example, a subpoena to Google concerning a Gmail address that the alleged scammers used to communicate with the plaintiff will reveal a Microsoft email address used as the "recovery email" for that account. For that reason, Mr. Zucchero seeks the Court's authorization to issue follow-on subpoenas seeking the same scope of information outlined above to additional internet-service providers and

---

[7] *See, e.g., Harris v. Upwintrade*, 1:24-cv-00313-MJT, Dkt. 7 (E.D. Tex.) (Truncale, J.) (Aug. 8, 2024) (granting expedited discovery in functionally identical pig-butchering case); *Cohn v. Popescu*, 1:24-cv-00337-MJT, Dkt. 8 (E.D. Tex.) (Truncale, J.) (Aug. 30, 2024) (same); *Strivelli*, 2022 WL 1082638, at *2 (granting broad expedited discovery in functionally identical crypto-fraud case); *see also Licht*, 2023 WL 4504585, at *4 (same).

cryptocurrency exchanges determined to be in possession of relevant information.[8]

### V.    Conclusion

For the reasons set out above, Mr. Zucchero has met the standards for issuance an order authorizing expedited discovery. Mr. Zucchero requests that the Court issue this relief in the form of the proposed order submitted with this Motion.

---

[8] *See Licht*, 2023 WL 4504585, at *4 (authorizing expedited discovery on "any party" likely to have information about the defendants).

- 8 -

Dated:  2026-06-04                           Respectfully submitted,

                                             CYBERJUSTICE LAW GROUP


                                             _____
                                             Marshal J. Hoda, Esq.
                                             Tx. Bar No. 24110009
                                             Alexander Crous, Esq.
                                             Tx. Bar No. 24136488
                                             3120 Southwest Fwy
                                             Ste 101 PMB 51811
                                             Houston, TX 77098
                                             o. (832) 848-0036
                                             marshal@cyberjusticelaw.com

                                             *Attorneys for Plaintiff*