**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

|  |  |  |
|---|---|---|
| MICHAEL ZUCCHERO, | § § § § § § § § | |
| Plaintiff, | § § § | |
| | § § | CIVIL ACTION NO. 1:26-cv-00205 |
| VS. | § § § | |
| | § § | Honorable Michael J. Truncale |
| | § § § § | |
| BIZANGO, *ET AL.*, | § § § § | |
| Defendants. | § § § § § § § § § § § § § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED**

**DISCOVERY**

Plaintiff has filed Plaintiff's Motion for Expedited Discovery (the "Motion"), in which Plaintiff seeks an order authorizing expedited discovery. The Court has reviewed Plaintiff's Motion, the Verified Complaint, and the Declaration of Evan Cole (the "Cole Declaration"). For the reasons set out below, Plaintiff's Motion is hereby **GRANTED**.

- 1 -

## I.    Background

Plaintiff's Complaint, which is incorporated herein by reference, sets forth detailed factual allegations concerning a cryptocurrency-related fraud and conversion scheme operated by the Defendants. The Complaint alleges that the Defendants stole assets worth approximately $347,186 from the victim in a task based employment scam—a form of cryptocurrency fraud in which perpetrators use social engineering to induce victims to transfer assets to fraudulent platforms.

The Cole Declaration attests that the facts alleged in the Complaint are consistent with the investigator's professional experience with cryptocurrency scams, and provides blockchain-tracing evidence showing that the victim's assets were transferred to accounts controlled by the Defendants at OKX, Binance, HTX, and Bitget. The Cole Declaration further identifies third parties likely to be in possession of information about the Defendants' true identities and activities, as well as communication channels through which the Defendants may be served.

## II.    Expedited Discovery

Typically, parties may not seek "discovery from any source before the conference required by Rule 26(f)." Fed R. Civ. P. 26(d)(1). But expedited discovery before a Rule 26(f) conference is permitted where "authorized … by court order." Id. Courts apply a "good cause" standard to determine whether such an order should issue. *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011). Good cause may be found where "the

need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id*.

Many courts have authorized expedited discovery in cryptocurrency-related fraud cases like this one. Indeed, in similar cases, courts have held that any privacy interests that alleged cybercriminals have concerning the discovery of information about their identities and activities is outweighed by the need to adjudicate victims' claims against them. *Gaponyuk*, 2023 WL 4670043, at *4. The Court finds that good cause exists here and that the scope of discovery requested is appropriate.

### III.    Relief Granted

The Court finds that Plaintiff's request to issue expedited discovery should be granted for the reasons set out in the Motion. Plaintiff is authorized to serve subpoenas on the following third parties:

WhatsApp, LLC

Cloudflare, Inc.

Tencent Holdings Ltd

GMO-Z.com NetDesign Host Co. Ltd.

All subpoenaed parties shall produce the materials sought in the subpoena to Plaintiff's counsel within seven (7) days of their receipt of Plaintiff's subpoena and this Order.

The Court further authorizes Plaintiff to issue follow-on subpoenas seeking the same scope of information to additional internet-service providers

and cryptocurrency exchanges determined to be in possession of relevant information based on information obtained from the initial subpoenas authorized herein.

The Court finds that any privacy interest the Defendants have in the documents requested by Plaintiff is outweighed by the need to investigate and prosecute the theft and conversion alleged in the Complaint. Such privacy concerns shall not be good cause for the subpoenaed party to withhold the requested material.

**SO ORDERED**.


Dated:  2026-05-26

- 5 -

Prepared By:

CYBERJUSTICE LAW GROUP


Marshal J. Hoda, Esq.
Tx. Bar No. 24110009
Alexander Crous, Esq.
Tx. Bar No. 24136488
3120 Southwest Fwy
Ste 101 PMB 51811
Houston, TX 77098
o. (832) 848-0036
marshal@cyberjusticelaw.com


*Attorneys for Plaintiff*