**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| Michael Zucchero, | Case No. 1:26-cv-00205 |
| *Plaintiff*, | |
| v. | **Plaintiff's Motion for Alternative Service** |
| Bizango, *et al.*, | |
| *Defendants*. | |

Plaintiff Michael Zucchero hereby requests that the Court enter an order authorizing alternative service of process. In support, Mr. Zucchero respectfully shows the Court as follows.

### I.    Preliminary Statement

Mr. Zucchero filed this action to recover assets lost to a cryptocurrency-related fraud and conversion scheme operated by a sophisticated criminal syndicate. The Defendants stole assets worth approximately $347,186—a devastating loss. Sadly, Mr. Zucchero is not alone. This is but one case among thousands arising from the ongoing crypto-fraud epidemic, to which hardworking Americans are losing billions every year.

As is typical in crypto-fraud cases, Mr. Zucchero does not know the Defendants' true identities or their precise whereabouts. But, with the

- 1 -

assistance of a professional blockchain investigator, stolen assets have been traced to accounts controlled by the Defendants at OKX, Binance, HTX, and Bitget. This tracing is fundamental to the relief sought in this Motion. It is the foothold in the arduous climb toward recovery.

Mr. Zucchero is the plaintiff in this action, bringing claims against Selina Romano and individuals operating under the name "Bizango" in connection with a sophisticated cryptocurrency investment fraud, commonly known as a task based employment scheme. Romano first contacted Mr. Zucchero in November 2025, offering what appeared to be a legitimate remote, part-time employment opportunity performing "product optimization" tasks through a platform that purported to be affiliated with Bizango.

Over a period of several months, Romano and the Bizango fraud network persuaded Mr. Zucchero to deposit increasing amounts of cryptocurrency into platform-controlled wallets, promising large returns and greater earnings for higher deposit "VIP" tiers. At their urging, Mr. Zucchero deposited over $370,000 in cryptocurrency and related fees. When he attempted to withdraw his account earnings, Bizango representatives imposed additional and ever-shifting obstacles, including unauthorized smart contract withdrawals from his personal wallet, ultimately misappropriating the entirety of his funds.

Mr. Zucchero now seeks the Court's immediate intervention to prevent further dissipation of traceable assets and identify all parties involved in the fraudulent scheme. By this motion, Mr. Zucchero respectfully requests leave to serve process by alternative means.

## II.    Background

The facts giving rise to this action are set forth in detail in Plaintiff's Complaint, which is filed concurrently with this Motion and is incorporated herein by reference.

## III.    Supporting Materials

Mr. Zucchero submits the following materials in support of this Motion.

**Exhibit 1: Cole Declaration.** Evan Cole is Plaintiff's investigator in this case. Mr. Cole's declaration attests to information about the cryptocurrency-scam epidemic, cryptocurrency technology, and blockchain-tracing methodology. It also provides the blockchain-tracing report showing the locations to which the assets misappropriated from the victim were ultimately transferred.

## IV.    Alternative Service

### A.    Legal Standard

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order that a foreign defendant be served by any method reasonably calculated to give notice of the proceedings, provided that the method is not prohibited by

international agreement.[1] The Hague Convention on Service Abroad, to which the United States is a signatory, applies for purposes of serving a foreign defendant in another country that has also ratified the convention.[2] But the Hague Convention does not apply where the defendant's address is unknown.[3] Accordingly, where a foreign defendant's address is unknown, as here, courts simply inquire whether the proposed service method is reasonably calculated to give notice of the proceedings such that it satisfies constitutional due-process requirements.[4]

Service by alternative means under Rule 4(f)(3) is "neither a last resort nor extraordinary relief."[5] Instead, "the rule serves as a safety valve for

---

[1] FED. R. CIV. P. 4(f)(3) (providing that a party "may be served at a place not within an judicial district of the United States … by other means not prohibited by international agreement, as the court orders"); *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at \*3 (5th Cir. Feb. 14, 2022) (citing Rule 4(f)(3) and noting that "[s]ervice on a foreign defendant is [] proper when it is a court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections").

[2] *Densys Ltd. v. 3Shape Trios A/S*, 336 F.R.D. 126, 129 (W.D. Tex. 2020).

[3] *See Mycoskie, LLC v. 1688best*, No. 18-cv-60925, 2018 WL 4775643, at \*1 (S.D. Fla. July 2, 2018) (Moore, J.) ("Article 1 of the Hague Service Convention states that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.").

[4] *Id.*

[5] *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort'

unanticipated situations and is not an unusual procedural technique."[6] Rule 4 does not require a party to attempt service by the methods enumerated in subsections (f)(1) and (f)(2), such as by diplomatic channels and letters rogatory, before petitioning the court for alternative service under subsection 4(f)(3).[7] Nor does it "require exhaustion of all possible methods of service before a court may authorize service by 'other means'[.]"[8]

Courts have repeatedly authorized service by alternative means in cryptocurrency fraud cases under this rule. The methods courts have approved include email,[9] instant message via applications like WhatsApp and Telegram,[10] transfer of Non-Fungible Tokens (NFTs) to cryptocurrency

---

nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant.").

[6] *Hazim v. Schiel & Denver Book Grp.*, No. 12-CV-1286, 2012 WL 12894747, at *1 (S.D. Tex. July 18, 2012) (quoting Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 1134 (3d ed. 2002)).

[7] *Viahart*, 2022 WL 445161, at *3 ("Service pursuant to the Hague Convention listed in subsection (f)(1), does not displace subsection (f)(3), which permits service by other means." (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018)).

[8] *Broan-Nutone LLC v. Conglom Hong Kong Ltd.*, No. 23-CV-393-JPS-JPS, 2023 WL 8784668, at *2 (E.D. Wis. Dec. 19, 2023) (quoting *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015)).

[9] *Harris v. Upwintrade.com*, No. 1:24-CV-00313, 2025 WL 1485335, at *2 (E.D. Tex. Jan. 14, 2025) (authorizing service by email).

[10] *Fitzgerald v. Defendant 1*, No. 1:24-CV-21925, 2024 WL 3538245, at *3 (S.D. Fla. June 28, 2024) (authorizing service via Telegram message in pig-butchering case); *Licht v. Ling*, No. 3:23-CV-1018, Dkt. 19 (N.D. Tex. June 8, 2023) (authorizing service via WhatsApp in pig-butchering case).

addresses controlled by defendants,[11] and publishing case documents online.[12]

### B.    The Requirements for Alternative Service Are Met.

A plaintiff's request for alternate service should be granted where three elements are met: (1) the defendants are located abroad, (2) the proposed service methods are not prohibited by international agreement, and (3) the proposed service methods are reasonably calculated to give the defendants actual notice of the proceedings. Each of these elements is met here.

### 1.    Element 1: Location Abroad.

Mr. Zucchero has shown that the Defendants are located abroad as required for authorization of alternative means of service under Rule 4(f). The Cole Declaration provides evidence that the Defendants are cryptocurrency fraudsters and that cryptocurrency scams are invariably operated from

---

[11] *Yogaratnam v. Doe*, No. 2:24-cv-00393 Dkt. 9 (E.D. La. Feb. 23, 2024) (authorizing service by transfer of Non-Fungible Token and website posting in crypto fraud case); *Sun v. Defendant 1*, No. 23-CV-21855-RAR, 2023 WL 4532417, at *2 (S.D. Fla. July 13, 2023) (authorizing service NFT transfer and website posting in crypto fraud case); *Bowen v. Li*, No. 23-CV-20399, 2023 WL 2346292, at *3 (S.D. Fla. Mar. 3, 2023) (same); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2022 WL 17176849, at *3 (S.D. Fla. Nov. 23, 2022) (same).

[12] *Id.*

abroad.[13] Courts have approved plaintiffs' requests for alternative service on similar evidence in many pig-butchering cases.[14]

      *2.      Element 2: Not Prohibited by International Agreement.*

The Defendants' physical addresses are unknown despite diligent investigation.[15] Accordingly, the Hague Service Convention does not apply.[16]

      *3.      Element 3: Reasonably Calculated to Give Actual Notice.*

Mr. Zucchero requests authorization to serve the Defendants by the following methods:

| Target | Method | Explanation |
| --- | --- | --- |
| Bizango | Other | Bizango provided blockchain addresses to Mr. Zucchero that are capable of receiving service of process via NFT transfer. |
| Bizango | Email | Bizango provided a customer support email address to Mr. Zucchero. |
| Selena Romano | Sms | Romano communicated with Mr. Zucchero via SMS message. |
| Bizango | Whatsapp | Bizango representatives communicated with Mr. Zucchero via WhatsApp. |

---

[13] Cole Declaration, ¶¶ 3 – 6.

[14] *See* fns. 53 – 55, *supra* (collecting cases).

[15] Cole Declaration, ¶¶ 5 – 6.

[16] *Mycoskie, LLC*, 2018 WL 4775643, at *1 ("Article 1 of the Hague Service Convention states that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.").

| Selena Romano | Whatsapp | Romano communicated with Mr. Zucchero via WhatsApp. |
|---|---|---|

These are the same means of communication that the Defendants used to carry out their scam.[17] Courts routinely find that plaintiffs' proposed service methods are reasonably calculated to give actual notice where (i) the defendant does business online and (ii) the plaintiff has shown that the defendant uses the proposed service channels to conduct business relevant to the suit.[18] Mr. Zucchero's proposed service methods are therefore reasonably calculated to give the Defendants actual notice of these proceedings.

## V.    Conclusion

For the reasons set out above, Mr. Zucchero has met the standards for issuance of an order authorizing alternative service of process. Mr. Zucchero requests that the Court issue this relief in the form of the proposed order submitted with this Motion.

---

[17] Cole Declaration, ¶ 9 (describing proposed service methods and providing explanation of each).

[18] *See, e.g.*, *Sinox Co. Ltd. v. YiFeng Mfg. Co.*, No. 6:21-CV-01022-ADA, 2022 WL 1017916, at *4 (W.D. Tex. Apr. 5, 2022) (noting that "courts have found due process satisfied where the defendant does business online and the plaintiff has shown that the foreign defendant uses the particular email address to conduct business relevant to the matters at issue in suit" and collecting cases in accord); *Licht*, No. 3:23-CV-1018, Dkt. 19, at p.2 (N.D. Tex. June 8, 2023) (authorizing service via WhatsApp in pig-butchering case where defendants used WhatsApp to communicate with plaintiff); *Fitzgerald*, No. 24-CV-21925, 2024 WL 3538245, at *3 (S.D. Fla. June 28, 2024) (authorizing service via Telegram message in pig-butchering case where defendants used Telegram to communicate with plaintiff).

- 9 -

Dated:  2026-06-04                          Respectfully submitted,

                                            CYBERJUSTICE LAW GROUP

                                            Marshal J. Hoda, Esq.
                                            Tx. Bar No. 24110009
                                            Alexander Crous, Esq.
                                            Tx. Bar No. 24136488
                                            3120 Southwest Fwy
                                            Ste 101 PMB 51811
                                            Houston, TX 77098
                                            o. (832) 848-0036
                                            marshal@cyberjusticelaw.com

                                            *Attorneys for Plaintiff*