IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL ZUCCHERO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 1:26-CV-00205 |
| BIZANGO, SELENA ROMANO, OKX | § | JUDGE MICHAEL J. TRUNCALE |
| OFF-RAMP DEFENDANT, BINANCE | § | |
| OFF-RAMP DEFENDANT, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff Michael Zucchero ("Zucchero") has filed an Motion for Expedited Discovery (the "Motion"). [Dkt. 3]. Zucchero seeks an order authorizing expedited discovery. For the reasons discussed below, Zucchero's Motion is hereby **GRANTED**.

### I.    BACKGROUND

Zucchero alleges that the Defendants used a sham investment platform to steal over $370,000 from him. *See* [Dkt. 1 at ¶ 4]. The Defendants recruited Zucchero into a purported remote-work opportunity, directed him to a fraudulent task platform that displayed fabricated earnings, and induced him to repeatedly deposit escalating amounts of cryptocurrency by telling him he would have increased earning potential. *Id.* Zucchero was never allowed to withdraw funds, but was repeatedly harassed into depositing them. *Id.* Those funds allegedly "have now been dissipated through foreign-controlled cryptocurrency wallets and exchange accounts." *Id.*

### II.   ANALYSIS

Typically, parties may not seek "discovery from any source before the parties have conferred as required by Rule 26(f)." FED R. CIV. P. 26(d)(1). But expedited discovery before a Rule 26(f) conference is permitted where "authorized . . . by court order." *Id.* Although the Fifth Circuit has not adopted a standard by which authorization may be issued, several district courts in the Fifth Circuit

apply a "good cause" standard to determine whether such an order should issue. *Cothran v. Koomson*, No. 4:20-CV-481-SDJ, 2020 WL 6450498, at *1 (E.D. Tex. Nov. 3, 2020) (Jordan, J.); *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239–40 (S.D. Tex. 2011) (collecting cases) (applying good cause standard). Good cause exists when "the need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party."[1] *St. Louis Group*, 275 F.R.D. at 239 (internal quotation marks and citation omitted).

Many courts, including this Court, have authorized expedited discovery from cryptocurrency exchanges in cryptocurrency-fraud cases like this one. *See, e.g.*, *Harris*, No. 1:24-cv-00313-MJT, at p. 14 (authorizing expedited discovery); *Cohn*, 2024 WL 4525511, at *5 (same); *Strivelli v. Doe*, No. 22-cv-22060, 2022 WL 1082638, at *2 (D.N.J. Apr. 11, 2022) (authorizing expedited discovery from cryptocurrency exchanges and noting "the Court's review of cryptocurrency theft cases reveals that courts often grant motions for expedited discovery to ascertain the identity of John Doe defendants."); *Licht v. Ling*, No. 3:23-CV-1018-X, 2023 WL 4504585, at *4 (N.D. Tex. June 20, 2023) (issuing broad authorization for expedited discovery in functionally identical crypto-fraud case and requiring that "any party served with a request for production shall produce all requested items within 72 hours of the request").

Here, Zucchero requests expedited discovery for the purpose of locating Zucchero's stolen assets and identifying the individual perpetrators of the task employment scam. [Dkt. 3 at 5–6]. To

---

[1] More specifically, in determining whether good causes exists, a court weighs the following factors:

> (1) [W]hether the plaintiff has made a prima facie case of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) whether there is a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy.

*Cothran*, 2020 WL 6450498, at *2 (citations omitted). Plaintiff did not explicitly address these factors in the pending motion. *See generally* [Dkt. 2]. However, given its contents, the Court finds that Plaintiff has made a sufficient showing on these factors.

accomplish this, Zucchero anticipates needing information held by non-parties, including "biographical and contact information associated with the Defendants' accounts," "IP-address and device logs showing the devices and locations from which the Defendants accessed their accounts," and more. *Id.* Because non-party banks and cryptocurrency exchanges hold most of the information Zucchero seeks, Zucchero also requests the Court's authorization to serve subpoenas. *Id.* at 6. If Zucchero's subpoenas uncover information implicating "downstream entities" in the scam, it intends to serve subpoenas on those entities as well. *Id.* at 6.

This Court has authorized expedited discovery in tandem with temporary restraining orders freezing assets in cryptocurrency-fraud cases. *See, e.g.*, *Cohn*, 2024 WL 4525511, at *5. Finding this case similar in all relevant respects to those cases, the Court authorizes the scope of discovery requested by Zucchero here.

### III. RELIEF GRANTED

The Court finds that Plaintiff's request to issue expedited discovery should be **GRANTED** for the reasons set out in the Motion. Plaintiff is authorized to serve subpoenas on the following third parties:

- WhatsApp, LLC
- Cloudflare, Inc.
- Tencent Holdings Ltd.
- NetDesign Host Co. Ltd.

All subpoenaed parties shall produce the materials sought in the subpoena to Plaintiff's counsel within seven (7) days of their receipt of Plaintiff's subpoena and this Order. The Court further authorizes Plaintiff to issue follow-on subpoenas seeking the same scope of information to additional internet-service providers and cryptocurrency exchanges determined to be in possession of relevant information based on information obtained from the initial subpoenas authorized herein.

The Court finds that any privacy interest the Defendants have in the documents requested by Plaintiff is outweighed by the need to investigate and prosecute the theft and conversion alleged in the complaint. Such privacy concerns shall not be good cause for the subpoenaed party to withhold the requested material.

It is so **ORDERED.**

**SIGNED this 6th day of June, 2026.**

_____
Michael J. Truncale
United States District Judge