IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL ZUCCHERO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 1:26-CV-00205 |
| BIZANGO, SELENA ROMANO, OKX OFF- | § | JUDGE MICHAEL J. TRUNCALE |
| RAMP DEFENDANT, BINANCE OFF- | § | |
| RAMP DEFENDANT, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

Plaintiff Michael Zucchero ("Zucchero") has filed a Motion for Alternative Service (the "Motion"). [Dkt. 4]. Zucchero seeks an order authorizing alternative service of process. For the reasons discussed below, Zucchero's Motion is hereby **GRANTED**.

### I.    BACKGROUND

Zucchero alleges that the Defendants used a sham investment platform to steal over $370,000 from him. *See* [Dkt. 1 at ¶ 4]. The Defendants recruited Zucchero into a purported remote-work opportunity, directed him to a fraudulent task platform that displayed fabricated earnings, and induced him to repeatedly deposit escalating amounts of cryptocurrency by telling him he would have increased earning potential. *Id.* Zucchero was never allowed to withdraw funds, but was repeatedly harassed into depositing them. *Id.* Those funds allegedly "have now been dissipated through foreign-controlled cryptocurrency wallets and exchange accounts." *Id.*

### II.    ANALYSIS

Zucchero seeks authorization to serve process on the Defendants via alternative methods. [Dkt. 4]. Under Federal Rule of Civil Procedure 4(f)(3), a district court may order service on foreign defendants via any method "reasonably calculated to give notice of the proceedings" and not prohibited by international agreement. *See* FED. R. CIV. P. 4(f)(3). Here, Zucchero seeks to serve the Defendants via NFT transfer, email, SMS, and Whatsapp. *See* [Dkt. 4 at 7].

The Court finds that Zucchero has satisfied the requirements for alternative service under Rule 4(f)(3). First, Zucchero has established that the Defendants are located abroad. [Dkt. 4 at 6]. Second, the Hague Convention, which generally governs service of process on foreign defendants, does not apply here because the Defendants' physical addresses are unknown. *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 1, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Hence, no international agreement prohibits serving the Defendants via these alternative methods.

Third, service on the Defendants via these alternative methods is reasonably calculated to give Defendants notice of the proceedings. These methods were the Defendants' exclusive means of communicating with Zucchero during the pendency of the task employment scam. Accordingly, the Defendants are most likely to respond to communications concerning the scam via those channels.[1]

### III. RELIEF GRANTED

The Court finds that Plaintiff's request for authorization to serve the Defendants by alternative means should be **GRANTED** for the reasons set out in the Motion. Plaintiff is authorized to serve the Defendants by the following methods:

| Target | Method |
| --- | --- |
| Bizango | NFT Transfer |
| Bizango | Email |
| Bizango | Whatsapp |
| Selena Romano | SMS |
| Selena Romano | Whatsapp |

---

[1]*See Fitzgerald v. Defendant 1*, No. 1:24-CV-21925, 2024 WL 3538245, at *3 (S.D. Fla. June 28, 2024) (authorizing service via Telegram message in pig-butchering case); *Licht v. Ling*, No. 3:23-CV-1018, Dkt. 19 (N.D. Tex. June 8, 2023) (authorizing service via WhatsApp in pig-butchering case).

Service by the above methods shall constitute effective service of process on the Defendants for all purposes in this action.

It is so **ORDERED.**

**SIGNED this 6th day of June, 2026.**

Michael J. Truncale
United States District Judge

- 3 -