IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL ZUCCHERO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 1:26-CV-00205 |
| BIZANGO, SELENA ROMANO, OKX | § | JUDGE MICHAEL J. TRUNCALE |
| OFF-RAMP DEFENDANT, BINANCE | § | |
| OFF-RAMP DEFENDANT, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Michael Zucchero ("Zucchero") has filed a Motion for Preliminary Injunction (the "Motion"). [Dkt. 2].[1] For reasons discussed below, Zucchero's Motion is hereby **GRANTED**.

### I.    BACKGROUND

Zucchero alleges that the Defendants used a sham investment platform to steal over $370,000 from him. *See* [Dkt. 1 at ¶ 4]. The Defendants recruited Zucchero into a purported remote-work opportunity, directed him to a fraudulent task platform that displayed fabricated earnings, and induced him to repeatedly deposit escalating amounts of cryptocurrency by telling him he would have increased earning potential. *Id.* Zucchero was never allowed to withdraw funds, but was repeatedly harassed into depositing them. *Id.* Those funds allegedly "have now been dissipated through foreign-controlled cryptocurrency wallets and exchange accounts." *Id.*

The Court granted Plaintiff's request for an *ex parte* temporary restraining order on June 6, 2026. The Court held a hearing on the Motion's request for a preliminary injunction on June 15, 2026. The Motion is now ripe for review.

---

[1] This Motion was included in Plaintiff's Motion for *Ex Parte* Temporary Restraining Order. [Dkt. 2].

1

## II.  ANALYSIS

To obtain a preliminary injunction, a movant must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm if the injunction does not issue, (3) that the threatened injury outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction is in the public interest. *Moore v. Brown*, 868 F.3d 398, 402–03 (5th Cir. 2017) (per curiam) (citing *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)).

Zucchero meets all four substantive requirements. On the merits, Zucchero makes claims against the Defendants for violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), fraud, fraudulent inducement, and conversion. [Dkt. 1 at ¶¶ 78–98]. Zucchero has alleged and provided evidence that the Defendants deceived Zucchero and misappropriated her assets in what appears to have been an intentional scam. *See* [*Id.*; Dkt. 2-1]. Zucchero's allegations bear all the telltale characteristics of a task employment scam, suggesting that Zucchero will indeed be able to prevail on its claims once a full evidentiary record is developed. *See* [Dkt. 1 at ¶¶ 78–98; Dkt. 2-1].[2]

Zucchero has also demonstrated a substantial likelihood that he will suffer irreparable harm without the relief he seeks, for the same reasons outlined above. The instantaneous and opaque nature of cryptocurrency transactions, combined with the Defendants' cagey behavior, makes it unlikely that Zucchero will recover his lost assets unless the Defendants are precluded from withdrawing or transferring the contents of their accounts. Accordingly, the Court finds that Zucchero's request to freeze the Defendants' bank accounts is justified by a substantial threat of irreparable harm. *See Jacobo*, 2022 WL 2052637, at *3.

---

[2] The Court also notes that Zucchero seeks an asset freeze in the form of a constructive trust over specific, traceable stolen assets. [Dkt. 2 at 11]. This type of relief is common in cryptocurrency-fraud cases. *See, e.g.*, *Yogaratnam v. Dubois*, No. CV 24-393, 2024 WL 758387, at *3 (E.D. La. Feb. 23, 2024) (issuing asset-freeze TRO in crypto-fraud case, noting that "numerous district courts . . . have issued a TRO in this exact circumstance to freeze a cryptocurrency asset," and collecting cases); *Jacobo*, 2022 WL 2052637, at *3 (issuing asset-freezing TRO where plaintiff sought constructive trust over allegedly stolen assets); *Gaponyuk*, 2023 WL 4670043, at *2 (same).

Next, the Court finds that the threatened injury to Zucchero outweighs any harm the Defendants may suffer by virtue of having their accounts frozen. Again, maintaining the assets at the destination accounts is perhaps Zucchero's only realistic chance to obtain recovery in this case. At worst, the Defendants will be temporary unable to move assets if the injunction is later dissolved. *See Jacobo*, 2022 WL 2052637, at *6 (finding "[a] delay in defendant's ability to transfer the [allegedly stolen] assets only minimally prejudices defendant, whereas withholding injunctive relief would severely prejudice plaintiff by providing defendant time to transfer the allegedly purloined assets into other accounts beyond the reach of this court").

Finally, the Court finds that Zucchero's requested injunction serves the public interest. Zucchero's case is merely a drop in a vast ocean of similar scams. *See* [Dkt. 1 at ¶ 1]. A freezing order will serve the public interest here both by deterring would-be fraudsters and by "providing assurance to the public that courts will take action to promote . . . recovery of stolen assets when they can be readily located and traced to specific locations." *Jacobo*, 2022 WL 2052637, at *6; *see also, e.g.*, *Gaponyuk*, 2023 WL 4670043, at *3 (finding that asset freeze would "serve the public's interest in stopping, investigating, and remedying frauds").

### III. RELIEF GRANTED

For the reasons set out in the Motion, the Court finds that the accounts associated with the deposit addresses listed on page 3 of Plaintiff's Proposed Order [Dkt. 11] should remain frozen. Accordingly, the Court hereby **ORDERS** that Defendants and their agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which they act or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby restrained from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of the persons controlling the accounts

associated with the above-referenced Receiving Addresses, or any business entity through which they act or which acts in active concert or participation with them; including but not limited to those assets currently held at or for the Receiving Addresses. This injunction shall remain in effect through trial.

An order scheduling a status conference in this matter will be docketed separately.

It is so **ORDERED.**

**SIGNED this 17th day of June, 2026.**

Michael J. Truncale
United States District Judge

4